**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

THE HARTFORD, as subrogee )
of MARION GENERAL )
HOSPITAL, )
                              )
Plaintiff, )
                              )
vs. )      NO. 1:09-CV-132
                              )
SCHINDLER ELEVATOR )
CORPORATION and MILLAR )
ELEVATOR SERVICE CO., )
                              )
Defendants. )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to Removal, filed on May 25, 2009.[1]  For the reasons set forth below, the Court **OVERRULES** the objection and **DENIES** Plaintiff's request for a remand.

BACKGROUND

On April 28, 2009, Plaintiff, The Hartford, as subrogee of its insured, Marion General Hospital, filed a complaint against Defendants, Schindler Elevator Corporation and Millar Elevator Service Co., in Grant Circuit Court, Grant County, Indiana.  In

---

[1]To be clear, this objection has been deemed a motion for remand because functionally it is such.  DE# 8.

the complaint, Plaintiff alleges that the Defendants are indebted to the Plaintiff in the sum of $82,927.34 for medical treatment and other charges sustained by Melissa Foustnight, an employee of Marion General Hospital, as a result of her falling in an elevator maintained by the Defendants.

On May 15, 2009, Defendants filed a Verified Petition for Removal, seeking to remove this case from Grant Circuit Court to this Court. In the Petition, Defendants seek removal pursuant to 28 U.S.C. §1441. Defendants set forth that this Court has jurisdiction under the provisions of 28 U.S.C. §1332, commonly referred to as diversity of citizenship. Defendants point out that Plaintiff, The Hartford, is a Connecticut corporation whose principal of place business is in Connecticut; Defendant Schindler Elevator Corporation is a New Jersey corporation who maintains its principal office in New Jersey; and, Defendant Millar Elevator Service Company is an unincorporated service division of Defendant Schindler Elevator Service and not a separate legal entity. Defendants further establish that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

In response, Plaintiff filed the instant objection, arguing that 28 U.S.C. section 1445(c) bars the removal of Plaintiff's claim to federal court and requests that the matter be remanded to the Grant Circuit Court.

<u>DISCUSSION</u>

The Elements Required for Removal
<u>Pursuant to Diversity Jurisdiction are Satisfied</u>

For removal of a claim based on diversity jurisdiction to be proper, the Defendants must show that the jurisdictional requirements of 28 U.S.C. section 1332(a)(1), namely that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the statutory threshold of the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, have been satisfied. 28 U.S.C. §1332; 28 U.S.C. §1441; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). For purposes of establishing corporate citizenship, Defendants must allege both the state of incorporation and the state where the corporation maintains its principal place of business. 28 U.S.C. §1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991).

Defendants have alleged that The Hartford, is a Connecticut corporation with its principle place of business in Connecticut, and that Defendants are incorporated in New Jersey and maintain their principle offices there. Plaintiff does not claim otherwise.[2]

---

[2] Plaintiff does argue that Plaintiff and Defendant both do business in Indiana. But that is not enough to require a remand. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of*

Moreover, the sum of the monies sought by Plaintiff complaint exceeds the amount in controversy requirement. As such, this Court is satisfied that jurisdictional requirements of 28 U.S.C. section 1332 have been satisfied.

**Title 28 U.S.C. §1445(c) Does Not Bar**
**Removal Here Because Plaintiff's Claim Does**
<u>Not Arise Under the Workmen's Compensation Laws of Indiana.</u>

Plaintiff argues that even if diversity would otherwise permit removal, the jurisdiction of this Court over the matter is limited by 28 U.S.C. section 1445(c), which states that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Because this is a subrogation claim for damages paid by Plaintiff to its insured under a contract to provide workmen's compensation benefits for an injured employee, Melissa Foustnight, Plaintiff argues that this action arises under Indiana workmen's compensation laws and may not be removed to this Court. This Court, however, does not agree.

The determination of whether a cause of action arises under

_____

*Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) (holding that the Seventh Circuit follows the "nerve center" approach to corporate citizenship and the fact that a corporation does a lot of business in a particular state is irrelevant, so long as the record reveals that its "principal" place of business is elsewhere).

a state's worker's compensation laws, for purposes of applying section 1445(c), is governed by federal law. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 (1972). In making this assessment, a court examines whether the rights established pursuant to the state workers' compensation laws are essential elements of a plaintiff's claims, whether success of the claims depends on how the corresponding workers' compensation laws are construed, whether genuine and present controversy exists with regard to those statutes, and whether the controversy is disclosed upon face of complaint. *Hanna v. Fleetguard, Inc.,* 900 F.Supp. 1110 (N.D. Iowa 1995).

Generally, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995). However, a state cannot prevent removal of ordinary tort cases by calling its common-law torts a "workers' compensation law." *Spearman v. Exxon Coal, USA, Inc,* 16 F.3d 722, 724 (7th Cir. 1994); *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995).

In *Spearman v. Exxon Coal, USA, Inc.*, the Seventh Circuit held that a retaliatory discharge claim did not arise under the Illinois' Workers' Compensation Act because the tort lacked

essential elements of a worker's compensation law. 16 F.3d 722 (7th Cir. 1994). Specifically, the Court noted that the tort, as defined by Illinois law: 1) nullified the "expeditious and inexpensive" procedures the state had devised for workers' compensation claims; and 2) lacked the no-fault limited compensation scheme typical of workers' compensation regimes. *Id*. at 724. The fact that the tort claim may be adjudicated without inquiry into the meaning of the worker's compensation laws was also determinative. *Id*. at 725. The Court concluded that a claim that is merely premised on a state worker's compensation law does not mean that the claim arises under that law, unless the suit presents a dispute about the validity, construction, or effect of the law. *Id.*

The Court in *Illinois ex rel. Secretary of Dept. of Transp. v. DeLong's Inc*., extended *Spearman*'s holding to negligence actions. 57 F. Supp.2d 639, 641 (C.D.Ill. 1999). There, the Court held that a state's action against a foreign corporation to recover worker's compensation payments made to a state employee, allegedly necessitated by the corporation's negligence, did not arise under the worker's compensation law of Illinois, so as to preclude removal under 28 U.S.C. section 1445(c), since the state's claim was fault-based and could be decided without any inquiry or interpretation of the Illinois Workers' Compensation Act. *Id.*

Another decision in this Circuit supports the rule that an action against a third-party tortfeasor does not necessarily arise under a state's worker's compensation laws for purposes of applying 28 U.S.C. section 1445(c).  In *Houston v. Newark Boxboard Co.*, a tort action was brought by an injured employee against the manufacturer of a laminating machine, the employer and the employer's workmen's compensation insurer for damages sustained in an industrial accident.  The court held that the action did not "arise under" the state's workmen's compensation laws so as to preclude removal, since construction of the state workmen's compensation laws would play no role in determining whether plaintiff would prevail and since the complaint made no mention of the workmen's compensation statute. 597 F.Supp. 989. (E.D. Wis.1984).

In *Houston*, there it was argued that 28 U.S.C. section 1445(c) barred removal of the action because the plaintiff's claims arose under the Wisconsin worker's compensation statutes and that the statute contained provisions regarding the rights of an employer or an insurer who provided compensation to an injured employee to bring a tort action against third parties for reimbursement.  *Id*. at 991.  In particular, the statute included a notice requirement and provided a scheme for joint litigation and the allocation of proceeds from a successful claim among the injured employee, the contributing employer and the worker's

compensation carrier.  The court noted that "while [the Wisconsin

worker's compensation statute] may regulate the prosecution of

the plaintiff's claims, those claims do not "arise under" the

state workmen's compensation laws, but rather under the common

law of tort."  *Id.*  In reaching its conclusion, the court focused

on whether the construction of the state workmen's compensation

laws would play a role in determining whether plaintiff's claim

would prevail and concluded that it would not.  *Id.*

Applying these principles to the current matter, it is clear

that while Plaintiff's subrogation claim against a third-party

tortfeasor for monies paid to an injured employee on behalf of

its insured touches on Indiana worker's compensation law, it does

not arise under those laws for the purposes of applying 28 U.S.C.

section 1445(c).  Plaintiff's claims in the present matter are

analogous to the claims made in *DeLong's Inc.* and *Houston*.  As in

those cases, Plaintiff's claims here are predicated on a

subrogation claim for payments made pursuant to a worker's

compensation scheme against a third-party tortfeasor for alleged

negligence.  As in those cases, Plaintiff's claims here may be

adjudicated without this Court having to interpret, construe or

resolve a controversy concerning Indiana state worker's

compensation law.  Rather, Plaintiff's claim against the

Defendants will turn instead on the contours of Indiana tort law,

over which the power of this Court to hear is limited only be the

requirements of 28 U.S.C. section 1332.

Indiana case law supports this determination, as state courts have held that the Indiana Worker's Compensation Act did not create a new cause of action for subrogation claims by compensating employers and insurers against third-party tortfeasors; rather, it merely codified an existing common law right of subrogation. The Indiana Worker's Compensation statute provides the exclusive remedy for an injured employee against the employer and fellow employees for accidental injuries. *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 166 (Ind. 2006). However, Indiana Code section 22-3-2-13 includes a number of provisions that allow an employee to sue a "third party," which the statute defines as a person who is not "the employer and not in the same employ." Indiana courts have noted that in enacting the Worker's Compensation Act, the state legislature conferred a right upon an employer paying compensation for an employee's injuries caused by a wrongdoer to recover from the wrongdoer predicated upon a theory of "subrogation" and this provision was not intended to create a new and different liability against wrongdoer from that which existed at common law. *Bebout v. F. L. Mendez & Co.*, 37 N.E.2d 690, 692 (Ind.App.Ct. 1941); Standard Acc. Ins. Co. v. Pet Milk Co., 78 N.E.2d 672, 673 (Ind.App. Ct. 1948); *Fidelity & Cas. Co. of New York v. Miller*, 38 N.E.2d 279, 281, (Ind.App.Ct. 1941). Furthermore, this common law right of equitable

subrogation has been recognized in Indiana for over a century. *Bank of New York v. Nally*, 820 N.E.2d 644, 651 (Ind. 2005); *Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind. 1997). Indiana courts have thus held that section 22-3-2-13 did not create a new cause of action; rather, it merely codified a common law right, and, as such, the right of subrogation cannot be viewed as arising under the Act.

CONCLUSION

For the reasons set forth above, the Court **OVERRULES** the objection and **DENIES** Plaintiff's request for a remand.


DATED:  October 6, 2009          /s/RUDY LOZANO, Judge
                                 **United States District Court**