IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE HARTFORD as Subrogee of<br>MARION GENERAL HOSPITAL,<br><br>    Plaintiff,<br><br>vs.<br><br>SCHINDLER ELEVATOR CORP.<br>and MILLAR ELEVATOR SERVICE CO.<br><br>    Defendants. | Case No.: 1:09-CV-132 |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's December 17, 2010, Motion to Compel.[1] (Docket # 26.) The Plaintiff seeks to compel the Defendants to respond to its First Set of Interrogatories, which it submitted on September 15, 2010. (Mot. to Compel 1.) The Defendants respond that the Plaintiff never made a good faith attempt to resolve this discovery dispute prior to filing the Motion. (Defs.' Resp. 1-2.) They also point out that the Plaintiff's Motion does not contain the certification required by Federal Rule of Civil Procedure 37(a)(1). (Defs.' Resp. 1-2.) The Plaintiff attempts to salvage the Motion by replying that a November 4, 2010, email to Defendants' counsel constitutes a good faith attempt to resolve the dispute. (Pl.'s Reply 1-2.) The Plaintiff does not, however, address its failure to file the required certification.

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local

---

[1] Following the close of discovery on January 25, 2010, the referral to the undersigned Magistrate Judge was terminated on February 12, 2010. (*See* Docket # 24.) On December 21, 2010, Judge Rudy Lozano referred the present Motion to Compel to the undersigned. (*See* Docket # 30.) Because the Motion is a non-dispositive discovery matter, the Court is issuing an Opinion and Order rather than a Report and Recommendation.

Rule 37.1(a) adds the requirement that the certification also state "the date, time, and place of the conference or attempted conference and the names of all persons participating therein." Local Rule 37.1(c) also directs that the certification be filed "in a separate document filed contemporaneously with the motion."

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted). *See also Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

In the present case, the Plaintiff claims that a November 4, 2010, email to a paralegal in the office of Defendants' counsel constitutes a good faith attempt to resolve the discovery dispute. A single e-mail sent to a paralegal, however, falls utterly short of a good faith attempt at a conference. *See Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 FM (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) ("[A] single email sent by the Plaintiffs does not constitute an engagement in a conference to resolve the discovery dispute."); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D.C. Colo. 2003) (concluding that a single email did not satisfy the meet and confer requirement). *See generally Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between

counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). The Plaintiff's Motion to Compel must therefore be DENIED for its failure to undertake a good faith effort to informally settle this discovery dispute as required by Federal Rule of Civil Procedure 37(a)(1).

Furthermore, even if the Plaintiff's email constituted a good faith attempt to resolve the discovery dispute, there is no contemporaneously filed certification reciting the date, time, and place of the conference and the parties that participated, as required by Local Rule 37.1. The failure to file the required certification is itself grounds for denial of the Plaintiff's Motion to Compel. *See* N.D. Ind. L.R. 37.1(c) ("The court may deny any motion [to compel] . . . if the required certification is not filed.").

The Court also notes that the discovery deadline in this case was January 25, 2010, and the dispositive motion deadline was April 9, 2010. (Docket ## 20, 21, 24, 25.) Indeed, the Court confirmed the close of discovery on February 17, 2010. (Docket # 24.) The Plaintiff's Motion—coming eleven months after the close of discovery and over eight months after the dispositive motion deadline—is therefore untimely and, although this fact is not mentioned by either party, would be objectionable on this basis as well. To ensure that further unauthorized discovery is not launched without Court oversight, the Court, on its own motion, stays all discovery until further order.

To summarize, the Plaintiff's Motion to Compel (Docket # 26) is DENIED for failure to

comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1.  Furthermore, the Court STAYS any further discovery in this case until further order.  The Court sets this matter for a telephone status conference on January 11, 2011, at 9:00 a.m.  The Court will initiate the call and will inquire concerning when mediation is scheduled.

SO ORDERED.

Enter for December 29, 2010.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
