IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE HARTFORD, as subrogee of MARION GENERAL HOSPITAL, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 1:09-cv-132 ) |
| SCHINDLER ELEVATOR CORPORATION, et al., | ) ) ) ) |
| Defendants, | ) |

**OPINION AND ORDER**

Before the Court is a Motion for Leave to File a Response to Defendants' Motions (Docket # 52) filed by Plaintiff on November 21, 2011, requesting that the Court grant it leave to file an untimely response to Defendants' pending motion for summary judgment (Docket # 41). Defendants filed a response in opposition to Plaintiff's Motion (Docket # 55); Plaintiff, however, has failed to file a reply, and the time to do so has now expired. (*See* Docket # 56.)

For the following reasons, Plaintiff's Motion for Leave will be DENIED.

*A. Procedural Background*

Plaintiff commenced this subrogation action on April 28, 2009, in Grant Circuit Court, and Defendants removed it here under 28 U.S.C. § 1332. (Docket # 1, 2.) A scheduling conference was conducted on August 20, 2009, at which a deadline of January 25, 2010, was set for the completion of all discovery. (Docket # 20.) On January 11, 2011, the discovery period was reopened and extended until May 11, 2011. (Docket # 36.)

On June 27, 2011, Defendants filed a motion for summary judgment. (Docket # 41.) On August 16, 2011, the Court on its own motion afforded Plaintiff until September 12, 2011, to

respond to the motion. (Docket # 44.)

On September 12, 2011, the day its response was due, Plaintiff requested an extension of time within which to respond to Defendants' motion for summary judgment, contending that it needed additional time to attempt to procure the personal statement of Melissa Foustnight, whose injuries gave rise to its claim in subrogation. (Docket # 45.) On November 8, 2011, this Court granted Plaintiff's motion, affording it through November 16, 2011, to file its response. (Docket # 51.) The Court cautioned Plaintiff, however, that no further extensions would be granted. (Docket # 51.)

The November 16, 2011, deadline came and went. Five days later, on November 21, Plaintiff filed the instant Motion for Leave to File a Response to Defendants' Motions (Docket # 52), stating that it still needed an additional fifteen days to procure the personal statement of Ms. Foustnight. After Defendants objected (Docket # 55), the Court afforded Plaintiff through November 30, 2011, to file a reply to the Motion to Leave. (Docket # 56.)

The November 30, 2011, deadline came and went. The next day, on December 1, 2011, Plaintiff, without leave of Court, filed a response to Defendants' motion for summary judgment. (Docket # 57.) Plaintiff has not filed a reply to its Motion for Leave, and the time to do so has now passed.

### B. *Applicable Legal Standard*

Plaintiff's Motion for Leave was filed five days *after* the deadline for its response to Defendants' motion for summary judgment and, as such, is untimely unless, under Federal Rule of Civil Procedure 6(b)(1)(B), there has been a showing of both "good cause" and "excusable neglect." *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A

motion filed before the deadline may be granted 'for good cause,' a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1))). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 715 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

Along with good cause, Plaintiff must also make a showing of excusable neglect under Rule 6(b)(1)(B). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394); *see also Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (explaining that the determination of excusable neglect is "an equitable one, taking into account all relevant circumstances surrounding the party's omission"); *Goodman v. Clark*, No. 2:09 CV 355, 2010 WL 2838396, at *2 (N.D. Ind. July 12, 2010) (same).

## C. Analysis

It is undisputed that Plaintiff has had more than two years—that is, at least since the commencement of this suit on April 28, 2009—to locate Ms. Foustnight. Yet, Plaintiff has made absolutely *no* effort to explain what efforts it took to locate Ms. Foustnight during that time and why it waited until September 2011 to hire a professional skiptracer. As a result, Plaintiff has

3

not shown why, despite its diligence, it was unable to meet the Court's final deadline of November 16, 2011. *See Smith*, 1997 WL 662506, at *1. Accordingly, no showing of good cause has been made.

Moreover, the Court explained in its November 8, 2011, Order (Docket # 51) that, on the strength of the record at the time, it could have denied Plaintiff's initial motion, noting that as of the date of the Order Plaintiff had already effectively been afforded an extension of almost two months. Nevertheless, in an effort to address the motion for summary judgment on the merits, the Court afforded Plaintiff an eight-day extension, cautioning it that *no* more extensions would be granted.

Now, in spite of the Court's warning, Plaintiff makes *no* effort to explain the untimeliness of the filing of its response to Defendants' motion for summary judgment, much less show that the reasons for its delay were outside of its control. *Raymond*, 442 F.3d at 606-08 ("We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge has a right to assume that deadlines will be honored."). Consequently, Plaintiff has not established excusable neglect for missing the November 16, 2011, final deadline.

For these reasons, the Court will DENY Plaintiff's Motion for Leave and, on its own motion, will STRIKE Plaintiff's untimely response to Defendants' motion for summary judgment.

### *D. Conclusion*

Plaintiff's Motion for Leave to File a Response to Defendants' Motions (Docket # 52) is

DENIED, and the Court, on its own motion, DIRECTS the Clerk to STRIKE Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss or for Summary Judgment (Docket # 57).[1]

SO ORDERED.

Entered this 1st day of December, 2011.

s/Roger B. Cosbey<br>Magistrate Judge<br>United States District Court

---

[1] Accordingly, the Motion to Strike filed by Defendants on December 1, 2011 (Docket # 60), is DEEMED MOOT.