**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| THE HARTFORD, as subrogee of MARION GENERAL HOSPITAL, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 1:09-CV-132 |
| SCHINDLER ELEVATOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion for Summary Judgment, or in the Alternative, Motion to Dismiss, filed by Defendants on June 27, 2011; and (2) Defendants' Motion to Strike, filed on December 1, 2011. For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**. The motion to strike is **DENIED as moot**.

BACKGROUND

On April 28, 2009, Plaintiff, The Hartford, as subrogee of its insured, Marion General Hospital, filed a complaint against Defendants, Schindler Elevator Corporation and Millar Elevator Service Co., in Grant Circuit Court, Grant County, Indiana, which has been removed here. In the complaint, Plaintiff alleges that the Defendants are indebted to the Plaintiff in the sum of

-1-

$82,927.34 for medical treatment and other charges sustained by Melissa Foustnight, an employee of Marion General Hospital, as a result of her falling in an elevator maintained by the Defendants.

On June 27, 2011, Defendants filed a motion for summary judgment and for dismissal, arguing that it is entitled to summary judgment because The Hartford has failed to prove the essential elements of its claim and, alternatively, is entitled to dismissal because of The Hartford's failure to prosecute this case and follow court orders. The Hartford has failed to respond.[1]

DISCUSSION

Motion for Summary Judgment

Facts

The discovery period has closed. Defendants set forth that The Hartford has failed to discover or produce any evidence that Schindler acted negligently with regard to the Marion General Hospital elevator. (Aff. Atty. Ice, ¶¶ 6-7). The Hartford has failed to submit its initial disclosures, failed to disclose expert opinions of any kind, failed to make its expert available for deposition, and failed to produce Melissa Foustnight for a deposition. (Aff. Atty. Ice, ¶¶ 6-7).

Summary judgment standard

---

[1] The Hartford's untimely response has been stricken. (DE# 61).

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

"Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.

### Defendants are entitled to summary judgment because The Hartford has failed to establish any of the essential elements of its claim.

In order for The Hartford to prevail on its claim that Schindler is responsible for Foustnight's injuries, it must establish: (1) that Schindler owed Foustnight a duty; (2) that Schindler's conduct failed to fulfill that duty; and (3) that Foustnight sustained an injury as a result of Schindler's failure. *Collins v. American Optometric Ass'n*, 693 F.2d 636 (7th Cir. 1982);

-4-

*Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011).

Here, The Hartford has failed to present any evidence in this case establishing what, if any, duty Schindler had to Foustnight. Moreover, the Hartford is equally deficient in failing to provide any evidence that establishes Schindler's conduct breached its duty or that Foustnight's injuries were a result of that alleged breach. Because The Hartford has failed to present any evidence on these issues, it cannot demonstrate a triable issue of fact that Defendants were negligent. *See Gross v. Town of Cicero, Ill*, 619 F.3d 697, 708 (7th Cir. 2010)(holding that plaintiff's failure to produce evidence in support of his claim made summary judgment appropriate); *Williams v. National R.R. Passenger Corp.*, 161 F.3d 1059, 1062 (7th Cir. 1998)(noting that the Seventh Circuit consistently declines to "infer negligence when a plaintiff fails to produce any evidence suggesting that [the defendant] played even the slightest role in bringing about the injury."); *Klein v. Trustees of Indiana University*, 766 F.2d 275, 283 (7th Cir. 1985)(finding that "[b]ecause the plaintiff failed to produce any evidence raising a material issue of fact as to whether defendants' proffered reason for its employment decision was pretextual, we hold that the district court's action in granting summary judgment to the defendants was proper.").

Not only are negligence cases generally subject to summary judgment when the plaintiff fails to produce evidence on one of its

burdens but, this is especially true here, where the alleged injuries were allegedly caused by an elevator, which is a complex mechanical device. See *Davlan v. Otis Elevator Co.*, 816 F.2d 287, 296 (7th Cir. 1987)(finding that under Illinois law, to demonstrate a breach of duty, the plaintiff must establish that the elevator company had knowledge of the problem that caused the injury and failed to take reasonable steps to correct the problem); *Adams v. W. Host, Inc.*, 779 P.2d 281, 284 (Wash Ct. App. 1989)(Noting that "elevators are mechanical devices of some complexity. Materials can wear out or break without negligence being involved.").

Because The Hartford failed to present any evidence supporting its claim, concluding that either Schindler breached its duty or that its breach proximately caused Foustnight's injuries would require this Court to speculate, which it will not do. See e.g. *Pfenning*, 947 N.E.2d at 404-05(noting that proximate cause cannot be established based on speculation). Accordingly, summary judgment is appropriate.

Motion to Dismiss

In the alternative, Defendants argue that if this Court is unwilling to enter summary judgment, they are nevertheless entitled to dismissal for two reasons. First, Defendants argue dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil

Procedure because The Hartford has failed to prosecute this case. Second, Defendants seek dismissal under Rule 37(b)(2)(A) as a discovery sanction, arguing that The Hartford has failed to obey a discovery order under Rule 26(f) of the Federal Rules of Civil Procedure. While both of these arguments have merit, considering the dismissal of this case for failure to prosecute or as a discovery sanction is unnecessary as this Court has found summary judgment to be appropriate.

Motion to Strike

Defendants have filed a motion to strike The Hartford's response to their motion for summary judgment. However, the response has already been stricken. (DE# 61). Accordingly, this motion is moot.

CONCLUSION

Defendants' motion for summary judgment is **GRANTED**. The motion to strike is **DENIED as moot.**

**DATED:  January 31, 2012**          /s/RUDY LOZANO, Judge
                                      **United States District Court**